UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
JOHN DOE,                                                            :
:
                               Plaintiff,                     :
:      24-CV-7974 (JMF)
            -v-                                              :
:      MEMORANDUM OPINION
SEAN COMBS et al.,                                                   :      AND ORDER
:
                             Defendants.                    :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff John Doe — who sues Defendant Sean Combs, a rapper and record producer better known by his stage name "P. Diddy," for sexual assault — moves for leave to proceed under a pseudonym. *See* ECF No. 14; *see also* ECF No. 1 ("Compl."). Plaintiff's case is one of many such cases filed against Combs and related defendants in this District. Most, if not all, of the other plaintiffs have also sought leave to proceed pseudonymously. To date, every judge to consider such a request has rejected it. *See Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024); *Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024); *Doe v. Combs*, No. 24-CV-8810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025); *Doe v. Combs*, No. 24-CV-7777 (LJL), 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025); *Doe v. Combs*, No. 24-CV-7778 (JLR), 2025 WL 934358 (S.D.N.Y. Mar. 27, 2025); *Doe v. Combs*, No. 24-CV-9852 (JLR), 2025 WL 934380 (S.D.N.Y. Mar. 27, 2025); *Doe v. Combs*, No. 24-CV-8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar. 28, 2025).

       This Court does too, substantially for the reasons explained in the foregoing opinions. In brief, Rule 10(a) of the Federal Rules of Civil Procedure requires that "all the parties" be named in the title of a complaint. Fed. R. Civ. P. 10(a); *see, e.g.*, *United States v. Pilcher*, 950 F.3d 39,

42 (2d Cir. 2020) (observing that the Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings . . . as people have a right to know who is using their courts" (internal quotation marks omitted)).  In evaluating whether to grant an exception to that requirement, a court must balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).  The Second Circuit has identified ten "non-exhaustive" factors to guide this inquiry, including "whether the litigation involves matters that are highly sensitive and of a personal nature," "whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously," and "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously."  *Id.* at 189-90 (cleaned up).

      Here, as in the cases cited above, only two of the factors — whether the case involves highly sensitive and personal claims and whether Plaintiff has kept his identity confidential — weigh in favor of Plaintiff's request.  *See, e.g.*, *Doe*, 2025 WL 268515, at *2-5.  The other eight weigh against it.  *See, e.g.*, *id.*  Most notably, because Combs is under criminal indictment and in federal custody, "Plaintiff has not shown that Combs poses any threat to Plaintiff now or in the future or that the disclosure of Plaintiff's identity will create any harms to any third party."  *Combs*, 2025 WL 722790, at *2.  Additionally, the "use of a pseudonym by the plaintiff would cause a significant asymmetry in fact-gathering" because "persons with valuable information about the plaintiff or his allegations would not be alerted to the case" — prejudice that would not be cured by confidential disclosure of Plaintiff's name to Defendants' counsel.  *Combs*, 2025 WL 268515, at *4.  In short, "[t]he very gravity of the charges, combined with the fact that Plaintiff has presented no evidence of specific and concrete harm from disclosure of [his] identity and the severe prejudice to Defendants from keeping that identity confidential,

undermine [his] claim to proceed anonymously." *Combs*, 2025 WL 722790, at *4.

Plaintiff's motion for leave to proceed pseudonymously is therefore DENIED. Plaintiff shall refile the Complaint in his own name by **April 22, 2025**, or this case will be dismissed.

SO ORDERED.

Dated: April 8, 2025
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge