UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

John Doe,

        *Plaintiff*,                No. 1:24-cv-07974-JMF

    v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

        *Defendants*.

---------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

**THE BUZBEE LAW FIRM**
David Fortney (*admitted pro hac vice*)
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**CURIS LAW, PLLC**
Antigone Curis
52 Duane Street, 7th Floor
New York, New York 10007

1

Plaintiff John Doe ("Plaintiff"), by and through his undersigned counsel The Buzbee Law Firm and Curis Law PLLC, hereby files this Memorandum of Law in Opposition to the Combs Defendants' motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

## PRELIMINARY STATEMENT

Plaintiff is and was a dedicated personal trainer who often worked with prominent celebrities and other notable persons concerning their health and fitness. In or around 2022, a fashion designer – who was a client of Plaintiff – informed Plaintiff that she had shared videos of Plaintiff's workouts and exercises with Combs. The fashion designer informed Plaintiff that Combs was impressed with Plaintiff's training regimen. Plaintiff was informed that Combs wanted to meet Plaintiff and feature him in a video.

The fashion designer extended an invitation to Plaintiff for him to attend an exclusive awards show after-party in Los Angeles and hosted by Combs. As part of the invitation, Plaintiff was informed that a private car would pick him up from his residence and escort him to the party. As informed, on June 27, 2022, a black Lincoln Navigator arrived to escort Plaintiff to Combs' residence in the Hollywood Hills.

When Plaintiff arrived at the party, a business associate of Combs greeted Plaintiff at the entrance. This individual explained to Plaintiff that he would need to execute a nondisclosure agreement as a condition of entering the party. Plaintiff ultimately consented to the agreement because he wanted to meet Combs and have an opportunity to further his business and to promote himself. Despite signing the nondisclosure agreement, Plaintiff was never provided with a copy of the document.

Following the execution of the nondisclosure agreement, Combs' associate then handed Plaintiff a drink which looked like a typical tequila soda with a cranberry juice mixer. Combs' associate instructed Plaintiff to drink the beverage as *another* condition of entering the party. Plaintiff obliged and took several sips of the drink. Once inside the residence, a model and current client of Combs greeted Plaintiff. Plaintiff felt more at ease after seeing a familiar face at the party. In fact, Plaintiff observed numerous celebrities present at the party, adding to the glamorous and overwhelming atmosphere.

Eventually, a business associate of Combs guided Plaintiff from a large room illuminated with red lights into a smaller room. There, Plaintiff observed approximately a dozen individuals, including several well-known figures, who were engaging in group-sex activities. Once inside the small room, Plaintiff began to feel disoriented, dizzy and weak – far beyond what he would expect from consuming a single alcoholic beverage. It became clear to Plaintiff that something was wrong. He subsequently realized that someone had drugged him.

At this moment Plaintiff realized his significant impairment. At that same moment, Combs approached Plaintiff, removed his pants, and began performing non-consensual oral sex onto him. Combs then directed Plaintiff to perform oral sex on another individual in the room, known as *Celebrity A*. Plaintiff could not resist the coercion and ordering of Combs, especially in his drugged state. Plaintiff felt trapped. He was unable to control his own body or understand what was happening around him. As a result, Plaintiff was forced to perform nonconsensual oral sex onto *Celebrity A*. After *Celebrity A* finished, this individual spit into Plaintiff's mouth.

At this point, the drugs in Plaintiff's system were progressively further impairing his motor skills and memory. The drugs caused Plaintiff to lose consciousness for brief periods of time. While in and out of consciousness, individuals at the party forced Plaintiff into sexual acts with

both men and women. Plaintiff's physical disposition and status made it entirely impossible for Plaintiff to reject their advances or otherwise control his body. These individuals, including Combs, essentially passed Plaintiff's drugged body around like a party favor for their sexual enjoyment.

Plaintiff ultimately lost consciousness due to the drugs. Plaintiff's state of unconsciousness was for an extended period of time. Plaintiff does not recall anything after this point.

As Plaintiff finally regained consciousness, he found himself outside of his apartment, disoriented, without a shirt, and without his phone. Plaintiff is unaware who took him back to his apartment or how he got there.

As the result of the traumatic events at Combs' party, Plaintiff has suffered severe emotional and psychological trauma, financial harm, and a significant loss of livelihood.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

**ARGUMENT**

Defendants erroneously contend that a one-year statute of limitations applies here. It does not. Beyond that, Defendants' argument that the complaint fails to allege any basis for the corporate defendants' liability ignores numerous well-pleaded allegations that the Combs Businesses existed and were run by Combs for the purpose of allowing him to commit the type of sexual assault described in the complaint. Moreover, it is simply too early to conclude that the corporate defendants have no potential liability here. Finally, this argument, in any event, does not apply to Defendant Combs, who cannot and should not be dismissed under any of Defendants' arguments.

A.  **A Ten-Year Statute of Limitations Applies Here**

Defendants assert that New York's "borrowing statute," CPLR section 202, applies here and that New York's one-year statute of limitations for assault is correctly viewed as the applicable New York state limitations period to apply. CPLR section 202 mandates that for a claim arising out-of-state, the shorter of the applicable New York statute of limitation or that of the forum where the injury occurred should apply. Plaintiff does not contest that CPLR section 202 applies. However, Defendants have badly mischaracterized Plaintiff's claim as one merely for "assault," and so they fail to apprehend the applicable statutes of limitation in either jurisdiction.

Defendants argue that California does not recognize a common-law cause of action for sexual assault. Opposition at 3 (citing *Thomas v. Regents of Univ. of California*, 97 Cal. App. 5th 587, 622 (2023)). But then Defendants baldly state that "Plaintiff's sole claim" is for "the intentional tort of assault." *Id.* at 3. That is not true. Defendants go on to claim (wrongly) that Plaintiff has invoked California law "in an apparent attempt to take advantage of California's longer statute of limitations" for assault, at two years. *Id.* at 3-4. That is also not true.

5

Plaintiff nowhere explicitly invokes California law. *See generally* Complaint at ¶¶ 55-61. But it is true that California law applies because the sexual assault of Plaintiff occurred in California. And while California may or may not have a common-law cause of action for sexual assault, California explicitly recognizes a cause of action for sexual assault and sexual battery. *See* Cal. Code Civ. Proc. § 340.16. Plaintiff expressly styled his causes of action as "Sexual Harassment and Sexual Assault" – not simple assault, as Defendants misleadingly assert. *See* Complaint ¶¶ 55-61. Further, the acts detailed in Plaintiff's Complaint qualify as sexual assault or sexual battery under California Code of Civil Procedure section 340.16 due to its incorporation by reference of the offenses contained in, at minimum, California Penal Code sections 243.4 and 287 (prohibiting sexual acts, including oral sex, achieved by force, intimidation, duress, or while the victim is drugged). *See* Cal. Code Civ. Proc. § 340.16(b)(1).

California Code of Civil Procedure 340.16 provides for a ten-year statute of limitations. *See* Cal. Code Civ. Proc. § 340.16(a)(1). As for the applicable New York statute of limitations, it is not New York's one-year statute for simple assault that should be considered, but rather the Adult Survivors' Act for sexual assaults, which provides for a twenty-year statute of limitations. Under either statute of limitations, this action is timely.

**B.     The Corporate Defendants Should Not Be Dismissed**

The Combs Defendants argue, further, that the allegations against the Company Defendants are not specific enough under Rule 8. On a motion to dismiss, the Court's analysis of the plaintiff's claims is limited to the four corners of the pleading, the allegations of which are given liberal construction and accepted as true. *See Johnson v. Proskauer Rose LLP*, 129 A.D.3d 59 (1st Dept. 2015). As such, when considering a motion to dismiss a complaint, the sole criterion is whether the pleading states a cause of action, and if, from the complaint's four corners, factual allegations

are discerned which, taken together, manifest any cause of action cognizable at law, motion for dismissal will fail. *See Pacific Carlton Development Corp. v. 752 Pacific, LLC*, 62 A.D.3d 677 (2nd Dept. 2009); *Ruffino v. New York City Transit Authority*, 55 A.D.3d 817 (2nd Dept. 2008); *see Sheridan v. Carter*, 48 A.D.3d 444 (2nd Dept. 2008); *Operative Cake Corp. v. Nassour*, 21 A.D.3d 1020 (2nd Dept. 2005).

Accordingly, on a motion to dismiss, a court should not resolve the merits of a claim by making factual determinations. *See T. Lemme Mechanical, Inc., v. Schalmont Cent. School Dist.*, 52 A.D.3d 1006 (3rd Dept. 2008). It is not the function of the Court to evaluate the merits of a case. *See Carbillano v. Ross*, 108 A.D.2d 776 (2nd Dept. 1985). Whether a plaintiff can ultimately establish her allegations is not part of the calculus in determining a motion to dismiss. *See Farber v. Breslin*, 47 A.D.3d 873 (2nd Dept. 2008). Rather, on a motion to dismiss, it is the trial court's duty to determine whether upon any rational construction of the evidence, trier of facts could find for plaintiff, and not to weigh proof. *See Choi v. Mann*, 104 A.D.2d 354 (2nd Dept. 1984). On a motion to dismiss for failure to state cause of action, any fact that can be fairly implied from the pleadings will be deemed alleged. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

A pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to law, it cannot be dismissed. *See Schlackman v. Robin S. Weingast & Associates, Inc.*, 18 A.D.3d 729 (2nd Dept. 2005). If any portion of any cause of action is sufficient, it should not be dismissed on motion. *See Lacks v. Lacks*, 12 N.Y.2d 268 (1963); *Napoli v. St. Peter's Hospital of Brooklyn*, 213 N.Y.S.2d 6 (1961). When a cause of action may be discerned, no matter how poorly stated, the complaint

should not be dismissed for failure to state cause of action. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

Indeed, to survive a motion to dismiss for failure to state a cause of action, a pleading need only state allegations from which damages attributable to the named defendants conduct may reasonably be inferred. *See Fielding v. Kupferman*, 65 A.D.3d 437 (1st Dept. 2009). A motion to dismiss for failure to state a cause of action is available only where dispute pertains to law, not facts. *See Abrams v. Richmond County S.P.C.*, 125 Misc.2d 530 (1984); *New York State AFL-CIO v. Stimmel*, 105 Misc.2d 545 (1980).

The Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-10, 20, 24-30. It is premature at this juncture to grant defendants' motion as discovery has not yet commenced and the Company Defendants have yet to even answer the Complaint. Discovery may reveal that one or more of Combs' companies sponsored or was otherwise involved with the event Plaintiff attended, as was the case with so many of the events defendant Combs attended. It is significant to note that the information that plaintiff seeks is within the exclusive knowledge of defendants and can only conclusively be ascertained through discovery and party depositions. In *Morris v. Goldstein*, 223 A.D. 2d 582 (2nd Dept. 1996), the Court held that defendant was not entitled to summary judgment since information concerning defendant's relationship with the defendant was within the exclusive knowledge of defendants and further disclosure was necessary.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court deny the Combs' Defendants' Motion to Dismiss in its entirety.

Dated: April 15, 2025

      Respectfully submitted,

## CURIS LAW, PLLC

By: */s/ Antigone Curis*

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

## THE BUZBEE LAW FIRM

David Fortney (*admitted pro hac vice*)
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909