UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JOSEPH ROSE,                                                            :
:
                      Plaintiff,                                  :
:
            -v-                                                       :      24-CV-7974 (JMF)
:
SEAN COMBS et al.,                                                      :      <u>ORDER OF DISMISSAL</u>
:
                      Defendants.                                 :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In the present case, jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332. Section 1332, however, requires "complete" diversity of citizenship, and it is well established that diversity "is not complete if *any* plaintiff is a citizen of the same state as *any* defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (emphasis added). As the Court explained in its June 23, 2025 Order to Show Cause, a review of the complaint in this action reveals that such is the case here. ECF No. 65, at 1-2 (noting that even assuming that Plaintiff is a citizen of California, the complaint alleges that Defendants Daddy House Recordings, Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., and Bad Boy Productions Holdings, Inc. have their principal places of business in California, and that all members of Defendant CE OPCO, LLC 'are citizens of Delaware, New York, *and/or California*'"). At a minimum, Plaintiff has not carried his burden to demonstrate that jurisdiction is proper.

      The Court ordered Plaintiff to show cause in writing by July 1, 2025, why this case should not be dismissed for lack of subject-matter jurisdiction, warning that if Plaintiff failed to do so, the Court would dismiss the case without further notice. *See id.* at 2. Plaintiff has failed to do so. Accordingly, the complaint is hereby DISMISSED without prejudice for lack of subject-matter jurisdiction. Any pending motions are moot and any conferences are canceled. The Clerk of Court is directed to terminate ECF No. 50 and close the case.

      SO ORDERED.

Dated: July 2, 2025                          _____
       New York, New York                         JESSE M. FURMAN
                                                    United States District Judge